1 | ALLACCESS LAW GROUP
Irene Karbelashvili, State Bar Number 232223
2 | irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
3 | irakli@allaccesslawgroup.com
19 North Second Street, Suite 205
4 | San Jose, CA 95113
5 | Telephone:   (408) 295-0137
Facsimile:   (408) 295-0142
6
7 | Attorneys for JANIE COLLINS, Plaintiff

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | SAN JOSE DIVISON

| | |
|---|---|
| JANIE COLLINS, | Case No. 19-3614 |
| Plaintiff, | *Civil Rights* |
| v. | **COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES: FOR DISABILITY DISCRIMINATION IN VIOLATION OF TITLE II OF THE ADA; THE REHABILITATION ACT OF 1973 & CALIFORNIA'S CIVIL RIGHTS STATUTES** |
| SANTA CLARA VALLEY TRANSPORTATION AUTHORITY; and DOES 1-10, inclusive, | |
| Defendants. | |
| | **DEMAND FOR JURY TRIAL** |

Page 1 of 11

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff JANIE COLLINS complains of Defendants SANTA CLARA VALLEY TRANSPORTATION AUTHORITY; and Does 1-10, inclusive, and alleges as follows:

### PARTIES

1. Plaintiff JANIE COLLINS ("Plaintiff") is, and at all times relevant herein was, a qualified individual with a physical "disability" as defined by Department of Justice regulation 28 C.F.R. § 36.104 and under California Government Code § 12926. Plaintiff uses a wheelchair and a scooter for mobility. Plaintiff has been physically disabled since 2002 and for about the past five years has relied on a wheelchair and a scooter for mobility. Plaintiff is 75 years old and is a resident of San Jose, California. Plaintiff depends on SANTA CLARA VALLEY TRANSPORTATION AUTHORITY for transportation and uses its services regularly.

2. Defendant SANTA CLARA VALLEY TRANSPORTATION AUTHORITY ("SCVTA") is a governmental agency existing under the laws of the State of California with responsibility, *inter alia,* for public facilities, including buses. Defendant SCVTA was at all times relevant to this Complaint, and currently is, the owner and operator of buses used by Plaintiff for transportation as alleged in this Complaint. As such, Defendant SCVTA was responsible in whole or in part for the condition of the buses and the actions and inactions of its bus operator and is subject to Title II of the Americans with Disabilities Act of 1990, to the requirements of the Rehabilitation Act of 1973, to the requirements of California State law requiring full and equal access to public facilities pursuant to Government Code Section 11135, and to all other legal requirements referred to in this Complaint.

3. Defendants Does 1 through 10, inclusive, are now, and/or at all times mentioned in this Complaint were, licensed to do business and/or actually doing business in the State of California. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of Does 1 through 10, inclusive, and for that reason, Does 1 through 10 are sued under such fictitious names. Plaintiff will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

### JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §1331 for violations of the ADA, 42 U.S.C. 12101 *et seq.* and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* Pursuant to

Page 2 of 11

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including but not limited to violations of the Unruh Act, Cal. Civ. Code § 51 *et seq.* and the Disabled Persons Act, Cal. Civ. Code § 54 *et seq.*

5. Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on (1) Plaintiff's information and belief that some or all of the defendants reside in this judicial district; and (2) "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district.

### INTRADISTRICT ASSIGNMENT

6. This case should be assigned to the San Jose intradistrict since Plaintiff's causes of action arose in Santa Clara County.

### COMPLIANCE WITH CALIFORNIA GOVERNMENT TORT CLAIMS ACT

7. On or about October 9, 2018 Plaintiff timely filed a Tort Claim with SCVTA arising out of the April 21, 2018 incident. *See* Exhibit "A." The claim was rejected by SCVTA on December 24, 2018. *See* Exhibit "B."

### FACTUAL ALLEGATIONS

8. On two previous occasions before the April 21, 2019 incident as discussed in this Complaint, Plaintiff notified a SCVTA bus driver and SCVTA's customer service representative that Plaintiff is physically disabled and her disability requires her to stretch her leg outward after bending it for less than half an hour. Accordingly, Plaintiff prefers to park her wheelchair in a space that is long enough to accommodate her disability.

9. On April 21, 2018 Plaintiff boarded an East Ridge bound SCVTA bus #2208, Route 22. The bus driver refused to allow Plaintiff to park her wheelchair in the wheelchair space next to the door which was long enough for Plaintiff to ride the bus comfortably. The bus driver notified Plaintiff that he was saving the seats for people who pushed large shopping carts. Plaintiff had no choice but to park her wheelchair behind the driver rather than the wheelchair space next to the door.

10. Before the bus reached Palo Alto, California, a woman boarded the bus and asked to sit in Plaintiff's wheelchair. Plaintiff refused the woman's request. The woman decided to sit in a seat directly behind Plaintiff's wheelchair, started shouting profanities at Plaintiff in addition to other

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

disparaging statements. The woman than launched toward Plaintiff, requiring Plaintiff to ask the bus driver to intervene. At this time, the bus driver asked the woman to stop or he would take her off the bus.

11. A short time thereafter, Plaintiff overheard the woman telling a male companion that she intended to steal Plaintiff's wheelchair. When the bus reached the Palo Alto bus depot, the woman grabbed onto Plaintiff's wheelchair's controller, pushing it downward on and breaking it.

12. Plaintiff immediately told the bus driver about the woman's conduct and he advised Plaintiff to submit a report to SVTA about the incident.

13. On April 21, 2018 Plaintiff called SCVTA customer service department and reported the incident to "Elesia." The report was given case number 042118011.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION FOR DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

### (Against all Defendants and each of them)

14. Plaintiff incorporates and re-alleges Paragraphs 1 through 13 of this Complaint.

15. Effective January 26, 1992, Plaintiff is entitled to the protections of the "Public Services" provision of Title II of the Americans with Disabilities Act of 1990 ("ADA").Title II, Subpart A prohibits discrimination by any "public entity," including any state or local government, as defined by 42 USC Section 12131, section 201 of the ADA.

16. Pursuant to 42 USC Section 12132, Section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity. Plaintiff was at all times relevant herein a qualified individual with a disability as described in this Complaint.

17. Defendant SANTA CLARA VALLEY TRANSPORTATION AUTHORITY; and DOES 1-10, inclusive, and each of them, failed in their responsibilities under Title II to provide its services, programs and activities in a full and equal manner to disabled persons as described above, including failing to ensure that the public buses are accessible to disabled persons including Plaintiff. As a proximate result of the actions and omissions of Defendant SANTA

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

CLARA VALLEY TRANSPORTATION AUTHORITY; and DOES 1-10, inclusive, and each of them, have knowingly and intentionally discriminated against Plaintiff in violation of Title II of the ADA, and of the regulations adopted to implement the ADA.

18. Plaintiff alleges that Defendants SANTA CLARA VALLEY TRANSPORTATION AUTHORITY; and DOES 1-10, inclusive, and each of them, are violating basic equal access requirements under the ADA and by failing to implement policies and procedures that would prevent discrimination against physically disabled passengers, including Plaintiff. These policies include, but are not limited to: (1) Provide mandatory periodic training to SCVTA's agents and/or employees, including drivers, concerning legal access requirements and explain to their agents/employees consequences for failing to comply with these legal obligations; and (2) Meaningfully discipline their agents and/or employees, including drivers, who deny access to physically disabled persons.

19. As a result of the aforementioned acts and omissions by SCVTA, Plaintiff left feeling like a second class citizen; was denied the full and equal enjoyment of SCVTA's services; and suffered difficulties, discomfort, and embarrassment. Plaintiff will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

20. Plaintiff seeks damages pursuant to Title II of the ADA with regard to his denial of access on April 21, 2018, as alleged above. Plaintiff is informed and believes and thereupon alleges that Defendant SANTA CLARA VALLEY TRANSPORTATION AUTHORITY; and DOES 1-10, inclusive, and each of them, had actual and constructive notice prior to April 21, 2018 that its buses were not accessible to disabled persons including Plaintiff but Defendant SANTA CLARA VALLEY TRANSPORTATION AUTHORITY; and DOES 1-10, inclusive, and each of them failed to correct the access problems as described above. As such, Plaintiff seeks additional damages pursuant to Title II of the ADA because the failure of Defendant SANTA CLARA VALLEY TRANSPORTATION AUTHORITY; and DOES 1-10, inclusive, and each of them to modify their discriminatory policies after Plaintiff gave specific notice of her experiences and injuries that occurred on April 21, 2018, including her Tort Claim of October 9, 2018, attached as Exhibit A, made the failure of Defendant SANTA CLARA VALLEY

TRANSPORTATION AUTHORITY; and DOES 1-10, inclusive, and each of them, in continuing to maintain all such access barriers, an intentional violation of Title II of the ADA.

WHEREFORE, Plaintiff requests relief as set forth below.

**SECOND CAUSE OF ACTION FOR DISCRIMINATION IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT**

**(Against all Defendants and each of them)**

21. Plaintiff incorporates and re-alleges Paragraphs 1 through 20 of this Complaint.

22. SCVTA is a governmental agency existing under the law of the State of California with responsibility, *inter alia*, for public transportation. Plaintiff is informed and believes and therefore alleges that SANTA CLARA VALLEY TRANSPORTATION AUTHORITY; and DOES 1-10, inclusive, and each of them, receive Federal financial assistance and that part of that financial assistance is used to fund the operations, construction and/or maintenance of the specific public facilities described herein.

23. By the actions or inactions of Defendants SANTA CLARA VALLEY TRANSPORTATION AUTHORITY; and DOES 1-10, inclusive, and each of them, Plaintiff was denied and is continued to be denied full and equal access to the services described herein.

24. Defendants SANTA CLARA VALLEY TRANSPORTATION AUTHORITY; and DOES 1-10, inclusive, and each of them, failure provide Plaintiff with full and equal access to the same programs, activities, services, and environment as non-disabled persons, and by otherwise discriminating against Plaintiff constitutes discrimination under the ADA and related state civil rights statutes and is therefore a violation of section 504.

WHEREFORE, Plaintiff requests relief as set forth below.

**THIRD CAUSE OF ACTION FOR DISCRIMINATION IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ. (CALIFORNIA DISABLED PERSONS ACT)**

25. Plaintiff incorporates and re-alleges Paragraphs 1 through 24 of this Complaint.

26. Through the acts and omissions described hereinabove, Defendants are violating

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

California Civil Code § 54.

27. Under California Civil Code § 54 (c), a violation of the ADA also constitutes a violation of California Civil Code Section 54 *et seq*.

28. Plaintiff is a person with disabilities within the meaning of the California Civil Code § 54(b)(1) and California Government Code § 12926(k) and Defendants provide services to the public within the meaning of the California Civil Code § 54(a)(1).

29. By failing to provide accommodations and services to physically disabled patrons, as set forth at length elsewhere in this Complaint, Defendants SANTA CLARA VALLEY TRANSPORTATION AUTHORITY; and DOES 1-10, inclusive, and each of them, violated, and continue to violate California Civil Code § 54, by denying customers full access to Defendants' programs, services and activities; and by intentionally prohibiting Plaintiff from utilizing Defendants' services on a full and equal bases with able-bodied passengers solely because Plaintiff is disabled.

30. As a direct and proximate result of the aforementioned acts and omissions, Plaintiff has suffered, and continues to suffer difficulty, discomfort, and embarrassment, due to Defendants SANTA CLARA VALLEY TRANSPORTATION AUTHORITY; and DOES 1-10, inclusive, and each of them, failure to address accommodations required by Plaintiff.

WHEREFORE, Plaintiff requests relief as set forth below.

**FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ*.**

**(THE UNRUH CIVIL RIGHTS ACT)**

**(Against all Defendants and each of them)**

31. Plaintiff incorporates and re-alleges Paragraphs 1 through 30 of this Complaint.

32. Section 51(b) of the California Civil Code, "The Unruh Civil Rights Act," states the following:
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship,

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

33. The transportation services provided by Defendants to the general public in California is a business establishment within the jurisdiction of the State of California, and as such are obligated to comply with the provisions of the California Unruh Civil Rights Act, California Civil Code §§ 51 et seq.

34. Section 52 of the California Civil Code provides that whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51 is liable for each and every offense.

35. Through the acts and omissions described herein, Defendants have violated California Civil Code § 51., *et seq*.

36. Pursuant to California Civil Code § 51(f), a violation of the ADA also constitutes a violation of California Civil Code § 51, *et seq*.

37. Defendant's discriminatory conduct alleged herein includes, *inter alia*, the violation of the rights of persons with disabilities set forth in Title II of the ADA and therefore also violates the Unruh Act. Cal. Civ. Code § 51(f).

38. Plaintiff alleges that Defendants SANTA CLARA VALLEY TRANSPORTATION AUTHORITY; and DOES 1-10, inclusive, and each of them, conduct was intentional and therefore also an independent violation of the Unruh Act.

39. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered, and continues to suffer difficulty, discomfort, and embarrassment due to Defendants' failure to address modifications in policies, practices and procedures required by Plaintiff.

40. Due to the continuous nature of SANTA CLARA VALLEY TRANSPORTATION AUTHORITY; and DOES 1-10, inclusive, and each of them, discriminatory conduct, which is ongoing, injunctive relief is an appropriate remedy. Moreover, as a result of Defendants SANTA CLARA VALLEY TRANSPORTATION AUTHORITY; and DOES 1-10, inclusive, and each of them, acts and omissions, Plaintiff is suffering irreparable harm, and thus immediate relief is appropriate. Plaintiff is also entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff requests relief as set forth below.

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

# FIFTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA GOVERNMENT CODE § 11135 FOR DISCRIMINATION UNDER PROGRAM RECEIVING FINANCIAL ASSISTANCE FROM THE STATE OF CALIFORNIA

**(Against all Defendants and each of them)**

41. Plaintiff incorporates and re-alleges Paragraphs 1 through 40 of this Complaint.

42. Plaintiff is informed and believes and thereupon alleges that the administration, supervision and maintenance of the services offered by Defendants SANTA CLARA VALLEY TRANSPORTATION AUTHORITY; and DOES 1-10, inclusive, and each of them, is, and was, funded in whole or in part by the State of California.

43. Defendants have failed to make their programs, services, and activities readily accessible to and useable by disabled persons in violation of California Government Code § 11135 et seq.

44. At all times herein mentioned, California Government Code § 11135 provided as follows:
   (a) No person in the State of California shall, on the basis of race, national origin, ethnic group identification, religion, age, sex, sexual orientation, color, genetic information, or disability, be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state.
   (b) With respect to discrimination on the basis of disability, programs and activities subject to subdivision (a) shall meet the protections and prohibitions contained in Section 202 of the federal Americans with Disabilities Act of 1990 (42 U.S.C. Sec. 12132), and the federal rules and regulations adopted in implementation thereof, except that if the laws of this state prescribe stronger protections and prohibitions, the programs and activities subject to subdivision (a) shall be subject to the stronger protections and prohibitions.

45. Plaintiff has no adequate remedy at law, and unless the requested relief is granted, Plaintiff and other disabled persons will suffer irreparable harm in that they will continue to be discriminated against and be denied the benefits of the "programs, services, and activities" offered to the general public. Further, Plaintiff suffered damages, as specified, as the result of the denial of her civil rights on the date(s) alleged above and on continues basis since. Because Plaintiff seeks improvement of access for physically disabled persons, which will benefit a

significant portion of the public, Plaintiff seeks attorneys' fees, litigations expenses and costs pursuant to California Code of Civil Procedure Section 1021.5, as to this claim for relief and as to all claims for relief in this Complaint in which Plaintiff seeks injunctive relief.

WHEREFORE, Plaintiff requests relief as set forth below.

***PRAYER***

Plaintiff prays as follows:

1. That this Court issue a preliminary and permanent injunction directing Defendant SANTA CLARA VALLEY TRANSPORTATION AUTHORITY; and DOES 1-10, inclusive, and each of them, as current owners, operators, lessors, and/or lessees of the facilities hereinabove described to modify the above described policies so that each provides full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction directing defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities; Note: Plaintiff is not invoking § 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all;

2. That this Court retain jurisdiction over the defendants until such time as this Court is satisfied that the unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities by Defendant SANTA CLARA VALLEY TRANSPORTATION AUTHORITY; and DOES 1-10, inclusive, and each of them, as complained of herein no longer occur, and cannot recur;

3. That this Court award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages, special damages, and treble damages, in amounts within the jurisdiction of this Court, all according to proof;

4. That this Court award to Plaintiff all reasonable statutory attorneys' fees, litigation expenses, and costs of this proceeding as provided by law;

5. That this Court award prejudgment interest pursuant to California Civil Code Section 3291; and

6. For such other, further relief as this Court may deem proper.

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Dated: June 21, 2019            /s/ *Irene Karbelashvili*
                                Irene Karbelashvili, Attorney for Plaintiff
                                JANIE COLLINS

### DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: June 21, 2019            /s/ *Irene Karbelashvili*
                                Irene Karbelashvili, Attorney for Plaintiff
                                JANIE COLLINS