UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANIE COLLINS,<br><br>  Plaintiff,<br><br>  v.<br><br>SANTA CLARA VALLEY TRANSPORTATION AUTHORITY,<br><br>  Defendant. | Case No. 19-cv-03614-VKD<br><br>**ORDER CONDITIONALLY GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW**<br><br>Re: Dkt. No. 30 |

AllAccess Law Group and attorneys Irene Karbelashvili and Irakli Karbelashvili move for permission to withdraw as counsel of record for plaintiff Janie Collins. Defendant Santa Clara Valley Transportation Authority ("VTA") does not oppose the motion. Dkt. No. 34. Although the docket indicates that Ms. Collins was given notice of the motion to withdraw (Dkt. No. 30-3), the Court has received no objections to the motion, and briefing on this matter is closed. Upon consideration of the moving papers, and based on the discussion held at the September 1, 2020 motion hearing, the Court conditionally grants the motion to withdraw as follows:

"Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a). "In the Northern District of California, the conduct of counsel is governed by the standards of professional conduct required of members of the State Bar of California, including the Rules of Professional Conduct of the State Bar of California." *Hill Design Group v. Wang*, No. C04-521 JF (RS), 2006 WL 3591206, at *4 (N.D. Cal. Dec. 11, 2006) (citing *Elan Transdermal Limited v. Cygnus Therapeutic Sys.*, 809 F. Supp. 1383, 1387 (N.D. Cal.1992)); *see also Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California

Rules of Professional Conduct to attorney withdrawal). Those standards provide that an attorney may seek permission to withdraw if, among other things, the client's conduct renders it unreasonably difficult for the attorney to represent the client effectively. Cal. Rules of Professional Conduct 1.16(b)(4).

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). In exercising that discretion, courts consider several factors, including "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Morrow v. Mid-Peninsula Hotels, LLC*, No. 19-cv-03863-TSH, 2020 WL 5074305, at *2 (N.D. Cal. Aug. 26, 2020) (citations omitted).

Here, Ms. Collins's counsel seek to withdraw due to difficulties in communicating with Ms. Collins since May 8, 2020. Ms. Karbelashvili avers that she and her co-counsel made numerous unsuccessful attempts to reach Ms. Collins by email (their usual method of communication) on May 8, 2020, May 10, 2020, May 19, 2020, June 26, 2020, July 4, 2020 and July 11, 2020. Dkt. No. 30-1 ¶ 3. Counsel state that they also attempted to reach Ms. Collins by phone on May 22, 2020, June 9, 2020 and July 6, 2020, but the phone remains disconnected. *Id*. Ms. Karbelashvili further states that she sent letters via certified mail to Ms. Collins on June 17, 2020 and July 1, 2020, and received a receipt for the June 17 letter with what appears to be Ms. Collins's signature. *Id*. ¶ 5. Counsel also had their paralegal contact various hospitals to determine if Ms. Collins had been admitted. *Id*. ¶ 4.[1] Nevertheless, counsel state that they had no communication from Ms. Collins since May 8, 2020. *Id*. ¶ 3. At the motion hearing, counsel advised that on August 20, 2020 they received an email from Ms. Collins, which acknowledged her receipt of the present motion to withdraw, but stated no objections to the motion. Dkt. No. 190. Counsel represented to the Court that they have since lost contact with Ms. Collins again and that it is unclear whether she will retain other counsel. *Id*.

---

[1] There is no indication on this record that Ms. Collins has been admitted to any hospital or that she has been incapacitated due to health or other reasons.

On this record, the Court finds that counsel's inability to communicate with Ms. Collins on a regular or reliable basis renders their continued representation of her unreasonably difficult. *See Correia v. Nat'l R.R. Passenger Corp.,* No. 14-cv-04504-DMR 2015 WL 4606064, at *2 (N.D. Cal. July 31, 2015) (granting motion to withdraw based on difficulties in communication with client). The Court further finds that counsel have "taken reasonable steps to avoid reasonably foreseeable prejudice" to Ms. Collins's rights, including efforts to contact Ms. Collins and provide her with notice of their intent to withdraw, with sufficient time to obtain other counsel. *See* Cal. Rule of Professional Conduct 1.16(d). Any prejudice to the VTA is minimal, as the Court granted the parties' stipulation to stay certain deadlines pending resolution of the present motion to withdraw. Dkt. No. 32. And as noted above, the VTA does not oppose counsel's request to withdraw.

Accordingly, counsel's motion to withdraw is granted, subject to the condition that papers may continue to be served on AllAccess Law Group and attorneys Irene Karbelashvili and Irakli Karbelashvili for forwarding purposes, unless and until Ms. Collins appears by other counsel or makes it clear that she intends to represent herself and proceed in this litigation without an attorney. *See* Civ. L.R. 11-5(b) ("When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se.").

Ms. Collins is advised that her failure to comply with court orders and court-ordered deadlines may result in the dismissal of this case for her lack of attention to it and failure to prosecute this matter. Fed. R. Civ. P. 41.

Based on the foregoing, the Court orders as follows:

1. All proceedings in this action are STAYED through **October 1, 2020** to allow Ms. Collins an opportunity to obtain new counsel.
2. If Ms. Collins obtains new counsel, that new counsel must file a notice of substitution by **October 1, 2020**, or Ms. Collins must show good cause why she requires additional time to obtain new counsel.

3. If Ms. Collins intends to represent herself and to proceed in this litigation without an attorney, she must file a notice to that effect with the Court by **October 1, 2020**. In that notice, Ms. Collins must provide the Court with her current contact information, including any postal address and telephone number.

4. AllAccess Law Group, Irene Karbelashvili and Irakli Karbelashvili shall continue to accept service of papers for the purpose of forwarding them to Ms. Collins, until Ms. Collins appears by other counsel or indicates that she intends to represent herself, or until the Court orders otherwise. As discussed at the motion hearing, in addition to serving papers on Ms. Collins by mail, counsel may also provide her with service by email. Additionally, counsel shall serve a copy of this order on Ms. Collins no later than **September 4, 2020**.

5. Upon the filing of a notice of substitution of counsel or a notice from Ms. Collins stating her intention to represent herself, the Court intends to permit AllAccess Law Group and attorneys Irene Karbelashvili and Irakli Karbelashvili to withdraw from representation in this matter and will order further proceedings as necessary.

6. If Ms. Collins does not appear through new counsel or file a notice stating that she intends to represent herself by the October 1, 2020 deadline, either Ms. Karbelashvili or Mr. Karbelashvili shall file a declaration by **October 2, 2020** that identifies Ms. Collins's last known address and certifies that counsel have complied with this order.

**IT IS SO ORDERED.**

Dated: September 1, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge

4