1

2

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

4

5

6

7

| | |
|---|---|
| JANIE COLLINS,<br><br>                    Plaintiff,<br><br>        v.<br><br>SANTA CLARA VALLEY<br>TRANSPORTATION AUTHORITY,<br><br>                    Defendant. | Case No.  19-cv-03614-VKD<br><br>**ORDER DISMISSING CASE<br>WITHOUT PREJUDICE** |

8

9

10

11

12

13

14        On September 1, 2020, the Court conditionally granted the motion by AllAccess Law

15 Group and attorneys Irene Karbelashvili and Irakli Karbelashvili to withdraw as plaintiff Janie

16 Collins's counsel of record, finding that counsel's inability to communicate with Ms. Collins on a

17 regular or reliable basis beginning in May 2020 rendered their continued representation of her

18 unreasonably difficult.  Dkt. No. 37.  The order permitted withdrawal subject to the condition that

19 counsel continue to accept service of papers for the purpose of forwarding them to Ms. Collins,

20 until Ms. Collins appeared by other counsel or indicated that she intended to represent herself, or

21 until the Court ordered otherwise.  *Id.*  In that same order, the Court stayed this action through

22 October 1, 2020 to give Ms. Collins an opportunity to either find new counsel or to file an

23 appearance on her own behalf.  *Id.*  Additionally, Ms. Collins was advised that her failure to

24 comply with court orders and court-ordered deadlines may result in the dismissal of this case for

25 her lack of attention to it and failure to prosecute this matter.  *Id.*

26        The record indicates that counsel have continued to accept service of all papers for the

27 purpose of forwarding them to Ms. Collins.  Dkt. Nos. 38, 40-42, 44.  Ms. Collins has not entered

28 an appearance indicating that she intends to proceed pro se, and no new counsel has made an

United States District Court
Northern District of California

1  appearance on her behalf.  Accordingly, on November 4, 2020 the Court issued an order directing

2  Ms. Collins to file a written response explaining why this action should not be dismissed without

3  prejudice for her failure to comply with the Court's orders and to prosecute this case.  Dkt. No. 43.

4  At the Court's direction, the Clerk of the Court mailed a copy to Ms. Collins at P.O. Box 15186,

5  San Francisco, CA 94155,[1] and counsel also emailed a copy of the order to her (Dkt. No. 44).

6       Ms. Collins's response to the Court's November 4 order to show cause was due by

7  December 4, 2020.  Dkt. No. 43.  The Court has not received any response.

8       The Court possesses the inherent power to dismiss an action sua sponte "to achieve the

9  orderly and expeditious disposition of cases."  *Link v. Wabash R.R. Co*., 370 U.S. 626, 629-33

10  (1962).  Dismissal nonetheless is a harsh penalty and should be used only in extreme

11  circumstances.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  In determining whether

12  dismissal is appropriate for the failure to comply with court orders or the failure to prosecute,

13  courts consider five factors, including "(1) the public's interest in expeditious resolution of

14  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

15  defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy

16  favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir.

17  2002) (citing *Ferdik*, 963 F.2d at 1260-61).

18       First, "[t]he public's interest in expeditious resolution of litigation always favors

19  dismissal."  *Id*. (internal quotations and citation omitted).  In view of Ms. Collins's failure to

20  communicate with her counsel for several months and her failure to pursue this case after counsel

21  was permitted to withdraw, this factor weighs in favor of dismissal.

22       Second, it is "incumbent" upon courts "to manage [their] docket[s] without being subject

23  to routine noncompliance" of litigants.  *Id*. (citing *Ferdik*, 963 F.2d at 1261).  Moreover, "[t]he

24  trial judge is in the best position to determine whether the delay in a particular case interferes with

25  docket management and the public interest."  *Id*.  Ms. Collins's failure to communicate with

26

27  _____

[1] This Post Office Box was provided to the Court as Ms. Collins's last known mailing address.
Dkt. No. 41.  The Court has received no notice that the mail it sent to that address has been
returned as undeliverable.

28

United States District Court
Northern District of California

1    counsel, to respond to the Court's orders, and to prosecute this matter have significantly delayed

2    the resolution of this litigation.  Ms. Collins's non-responsiveness and non-compliance have

3    "consumed some of the court's time that could have been devoted to other cases on the docket."

4    *Id*.

5         Third, a defendant is prejudiced where the "plaintiff's actions impaired [the] defendant's

6    ability to proceed to trial or threatened to interfere with the rightful decision of the case."  *Id*.

7    (internal quotations and citation omitted).  Here, the Court granted the parties' joint request to stay

8    deadlines due to counsel's inability to communicate with Ms. Collins (Dkt. No. 32), and the entire

9    litigation ultimately was stayed pending resolution of counsel's motion to withdraw and issues

10   regarding Ms. Collins's legal representation (Dkt. No. 37).  While the "pendency of a lawsuit is

11   not sufficiently prejudicial in and of itself to warrant dismissal," the risk of prejudice is also

12   related to the plaintiff's reason for defaulting.  *Id*. at 642-43.  Despite being given ample

13   opportunity to do so, Ms. Collins has provided no explanation for her failure to pursue this matter

14   or to comply with the Court's orders.  Her failure to offer any explanation weighs in favor of

15   dismissal.  *See, e.g., Chico v. Wells Fargo Bank*, No. 20-cv-01963-PJH, 2020 WL 2494506, at *2

16   (N.D. Cal. May 14, 2020) (concluding that the plaintiff's failure to provide any reason for the

17   failure to prosecute "counsels in favor of dismissal.").  *Cf. Laurino v. Syringa Gen. Hosp.*, 279

18   F.3d 750, 753 (9th Cir. 2002) (recognizing that "a presumption of prejudice arises from a

19   plaintiff's unexplained failure to prosecute," but finding that the plaintiff provided a non-frivolous

20   explanation for his lack of diligence).

21        Fourth, "a district court's warning to a party that failure to obey the court's order will

22   result in dismissal can satisfy the 'consideration of alternatives' requirement."  *Ferdik*, 963 F.2d at

23   1262.  The Court's September 1, 2020 order conditionally permitting counsel to withdraw

24   expressly cautioned Ms. Collins that this action could be dismissed for her failure to comply with

25   court orders and lack of attention to this matter (Dkt. No. 37 at 3), and the November 4, 2020

26   order to show cause gave notice to Ms. Collins that her case was at risk for dismissal (Dkt. No.

27   44).  This factor weighs in favor of dismissal.

28        Fifth, "[p]ublic policy favors disposition of cases on the merits.  Thus, this factor weighs

United States District Court
Northern District of California

3

against dismissal." *Pagtalunan*, 291 F.3d at 643.  Even so, the foregoing four factors weigh in favor of dismissing this action.

Based on the foregoing, the Court dismisses this action without prejudice for Ms. Collins's failure to comply with the Court's orders and for her failure to prosecute this matter.  The Clerk of the Court is directed to (1) mail a copy of this order to Ms. Collins at P.O. Box 15186, San Francisco, CA 94155 and (2) close this file.

Additionally, counsel at AllAccess Law Group are requested to email a copy of this order to Ms. Collins and to file a proof of service with the Court.

**IT IS SO ORDERED.**

Dated: December 11, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California

4